Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VII

| | | |
|---|---|---|
| CAPITAL MANAGEMENT GROUP LLC COMO AGENTE DE JEFFERSON CAPITAL SYSTEMS LLC.<br><br>Recurrida<br><br>v.<br><br>MARIANGELY SOLER MATOS<br><br>Peticionaria | KLCE202400329 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Mayagüez<br><br>Caso Núm. MZ2023CV01044 (103 SALA DE INVESTIGACIONES)<br><br>Sobre:<br>COBRO DE DINERO – REGLA 60 |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de abril de 2024.

La peticionaria, la señora Mariangely Soler Ramos (en adelante, señora Soler Ramos o peticionaria), solicita que revisemos una *Resolución* notificada el 9 de febrero de 2024, en la que el Tribunal Municipal de Mayagüez, declaró *No Ha Lugar* cierta moción que solicitaba la desestimación de una reclamación de cobro presentada en su contra.

La recurrida, Capital Management Group, LLC. (en adelante, Capital o recurrida), presentó su oposición al recurso.

**I.**

Los hechos esenciales para comprender la determinación que hoy tomamos son los siguientes.

Capital es una Agencia de Cobro de Dinero debidamente organizada y existente por las leyes de Puerto Rico y Estados Unidos de América. El 20 de junio de 2023 presentó una demanda por cobro de dinero al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, en la que alegó que la peticionaria tiene una deuda vencida, líquida y exigible por la cantidad de

$5,469.88.[1] Según la recurrida, esta deuda pertenecía a Santander Financial, fue emitida por su subsidiaria, Island Finance, y fue cedida en todos sus derechos a Jefferson Capital.[2] Para acreditar lo anterior, la recurrida presentó *Bill of Sale and Assignment of Accounts,* en el que hace referencia a las cuentas cedidas identificadas en el Anejo A.[3]

El 14 de julio de 2023, la Secretaría del Tribunal Municipal de Mayagüez emitió la notificación-citación para que las partes comparecieran mediante video conferencia el 28 de septiembre de 2023 a las 10:15 a.m.

El 20 de septiembre de 2023, la parte recurrida sometió escrito acreditando al Tribunal que el 21 de julio de 2023, hizo envío de la notificación-citación por correo certificado sin acuse de recibo a la dirección:

**Urb. Parc. Soledad**
**640 Calle G**
**Mayagüez, PR 00682-7645**[4]

En los documentos de acreditación se certifica que la notificación-citación fue entregada el 21 de julio de 2023, a un agente para la entrega final.[5]

El 21 de septiembre de 2023, la parte peticionaria presentó un escrito titulado *"Comparecencia Especial"* sin someterse a la jurisdicción del Tribunal. Soler Matos alegó no haber sido notificada debidamente, porque la notificación no se envió con acuse de recibo. En dicho escrito, argumentó, también, que se excedía del término de 10 días para la entrega de la notificación-citación y que la fecha pautada para la vista en su fondo excedía el término de tres meses establecido en la Regla 60, *supra.*[6]

La parte recurrida presentó una moción titulada *Urgente Moción en cumplimiento de orden y oposición a la solicitud de la parte demandada.* En la misma, Capital expuso que la Regla 60, *supra,* no exige el acuse de recibo.

---

[1] Apéndice I del recurso de *certiorari*, pág 1.
[2] *Íd.*
[3] Advertimos que no consta en el apéndice del recurso, ni en el archivo del Sistema Unificado de Manejo de Casos (SUMAC) que se haya presentado el Anejo A.
[4] Apéndice I del recurso de *certiorari*, pág 21. **Nota Aclaratoria:** de los documentos no surge información de dónde sale la dirección postal a la que se hace el envío.
[5] Apéndice IV del recurso de *certiorari*, pág.40 B. Traducido del inglés *"Delivered to an Agent for Final Delivery"*.
[6] Apéndice II del recurso de *certiorari,* págs. 32-36.

Igualmente alegó que la vista inicial fue pautada, y así se llevó a cabo, el 28 de septiembre de 2023 y que se certificó el envío a la última dirección conocida de la demandada.[7]

La peticionaria presentó un escrito titulado *Réplica a Oposición de Comparecencia Especial,* en el que alegó que, aunque la Regla 60, *supra,* no exige el acuse de recibo, el debido proceso de ley no se cumplió porque la certificación no evidenció la entrega de la notificación-citación a la demandada. Por otro lado, advirtió que de la propia evidencia de la demandante consta que, la documentación se envió a una dirección que no era la suya y que no se demuestra de dónde surge. Por primera vez, la peticionaria adujo que la carta que el recurrido envió el 14 de marzo de 2023 incumplió con la Ley 143 del 27 de junio del 1968, donde se exige que se notifique al deudor la intención de cobrar mediante correo certificado con acuse de recibo.[8]

El 2 de noviembre de 2023, el Tribunal declaró Ha Lugar la moción de Capital y citó para juicio en su fondo.[9]

La peticionaria presentó moción de reconsideración el 13 de noviembre de 2023. Allí alegó que el Tribunal no tenía jurisdicción porque la Ley 143, *supra,* exige que antes de instar una acción en cobro de dinero, la agencia de cobro debe enviar la intención de cobrar su deuda por correo certificado con acuse de recibo.[10]

El 28 de diciembre de 2023, el Tribunal notificó Resolución en la que declaró *No Ha Lugar* la moción de reconsideración que presentó la peticionaria. El foro recurrido concluyó que la notificación-citación se realizó conforme a derecho. Según el TPI, la ley solo requiere que sea por correo certificado y nada dice sobre acuse de recibo. Por consiguiente, el juicio en su fondo fue pautando para el 28 de febrero de 2024.[11] El 12 de febrero, la

---

[7] Apéndice IV del recurso de *certiorari*, págs. 38-40.
[8] Apéndice IV del recurso de *certiorari*, págs. 41-43. Véase, también, Ley 143 del 27 de junio de 1968, 10 LPRA § 981p.
[9] Apéndice VI del recurso de *certiorari*, págs. 44-45.
[10] Apéndice VII del recurso de *certiorari*, págs. 47-48.
[11] Apéndice VIII del recurso de *certiorari*, págs. 49-52.

peticionaria le solicitó al tribunal que tramitara la reclamación mediante el proceso ordinario de cobro de dinero. Así lo concedió el foro, concediéndole cinco (5) días para contestar la demanda.

No obstante, el 1 de marzo del año en curso, la peticionaria—sin someterse aún a la jurisdicción del tribunal—presentó una moción de desestimación, arguyendo que: (1) la dirección a la que se envía la notificación-citación no es la última dirección conocida de la demandada ni la que figura en el pagaré; (2) no se cumplió con el requisito jurisdiccional de notificar antes de iniciar el proceso judicial, según la Ley 143, *supra,* y; (3) que la disposición en la Regla 60 de Procedimiento Civil, *supra,* es inconstitucional al no requerir el acuse de recibo, porque permite que los demandados en cobro de dinero, no reciban la demanda hasta tanto se haya dictado sentencia en su contra.[12]

El 8 de marzo de 2024, la Sala Superior del Tribunal de Primera Instancia, a donde se trasladó el proceso al convertirse en un procedimiento ordinario, determinó declarar *No Ha Lugar* a la moción de desestimación. Razonó que la peticionaria reiteraba los mismos argumentos ya adjudicados, por lo que la moción se consideraba una segunda moción de reconsideración no contemplada en las Reglas de Procedimiento Civil.

Aun inconforme, el 11 de marzo, la peticionaria presentó este recurso, donde alega que:

> Erró el ilustre foro de instancia al declararse con jurisdicción sobre la materia de cobro de dinero sin que se hubiera realizado por parte del demandante, una agencia de cobro de dinero, el requerimiento escrito por correo certificado con acuse de recibo que ordena la ley.

> Erró el ilustre foro de instancia al declararse con jurisdicción sobre la persona de la demandada sin haberse demostrado por la parte demandante que aquélla haya recibido la demanda y sus *exhibits,* ya que solo fueron enviados por correo certificado y entregados en un buzón "…*to an agent for delivery…"*

> Erró el ilustre foro de instancia al declararse con jurisdicción mediante el método de correo certificado sin acuse de recibo. Ese método de notificación es inconstitucional porque viola el debido proceso de ley de la parte demandada ya que constituye lo que

---

[12] Apéndice IX del recurso de *certiorari,* págs. 53-56.

se ha llamado un *"sewer service"* que no garantiza la notificación de una demanda de cobro.

**II**

**A. Certiorari**

El *certiorari* es un recurso extraordinario, mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. 32 LPRA sec. 3491; *Rivera et al. v. Arcos Dorados et al.,* 2023 TSPR 65, 212 DPR ___ (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction Inc.,* 201 DPR 703, 710 (2019). Aunque la característica principal del recurso reside en el carácter discrecional del mismo, tal determinación no es irrestricta, está sujeta a los criterios señalados en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Advertimos que esta Regla ha sufrido modificaciones a través del tiempo para expandir el marco discrecional que ostentan los foros revisores en la expedición del recurso.

En la actualidad, la Regla 52.1 de Procedimiento Civil, *supra,* específicamente dispone que el recurso de *certiorari* solamente será expedido:

> [p]ara revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.
>
> No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.
>
> Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Superado el análisis al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* el foro apelativo deberá auscultar los criterios de la Regla 40 del

Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, para guiar su discreción al intervenir con la resolución u orden interlocutoria recurrida. La Regla 40, *supra,* dispone:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Sin embargo, la discreción no opera en el vacío y en ausencia de parámetros que la encaminen, sino que el foro apelativo cuenta con los criterios enumerados en dicha Regla para asistirlo y determinar si en un caso en particular procede que se expida el auto discrecional de *certiorari. BPPR v. SLG Gómez-López,* 2023 TSPR 145, 213 DPR ___ (2023).

**III.**

La Regla 52.1 de Procedimiento Civil, *supra*, nos autoriza a intervenir en este recurso, debido a que se solicita revisión de la denegatoria a una moción de carácter dispositivo. No obstante, en el ejercicio de discreción característico de este tipo de recurso y a la luz de los criterios de la Regla 40

de nuestro Reglamento, *supra,* determinamos no intervenir en esta etapa del proceso.

## IV

Por lo antes expuesto se deniega la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones